THE TEXAS COMPANY V. MRS. JANE BELLE HONAKER ET AL.

Application No. 14692.   Decided May 26, 1926.

(283 S. W., 1071).

**Injunction—Staying Proceedings.**

Injunction will not be granted to stay proceedings in the same court of equity, either upon the application of parties to the proceedings sought to be enjoined, or of others.   (P. 511).

Application by the Texas Co. for writ of error to the Court of Civil Appeals for the Second District, in an appeal from Wichita County.

In an action by Mrs. Honaker and others against the Texas Co., on commission issued to take the depositions of certain witnesses, the notary issued to them a subpoena duces tecum calling for the production of certain documents, records of the defendant company. These not being produced, and the right to compel their production controverted by the company, the court, on application of plaintiffs resisted by the defendant, entered an order requiring the company and its agents to produce them before the notary. There being no right of appeal from such interlocutory judgment, the defendant applied to the same court for an injunction against the enforcement of such order, and appealed from an order denying such writ. **Its**

refusal was sustained on such appeal (282 S. W., 879), and the relator, the Texas Co., applied for a writ of error. This is here refused in an opinion per curiam.

*H. S. Garrett,* and *Carrigan, Britian, Morgan & King,* for applicant.

The proceedings before the District Judge on December 28th, 1925, constituted a suit in the nature of a bill for discovery within the meaning and intendment of Article 2002, Revised Statutes, 1925, and the order entered by the District Judge on that date constituted a judgment or decree within the meaning of said statute, and in failing to so recognize and hold the Court of Civil Appeals committed error. Article 2002, Rev. Stats., 1925.

The decree or judgment entered by the District Judge on the 28th day of December, 1925, was void for want of necessary parties, to wit, the proper individuals who could answer under oath and/or produce the alleged "records," etc. 1 Pomeroy's Equity Jurisprudence (4th Ed.), Sec. 199, page 287; Kimmell v. Edwards, 194 S. W., 169.

The judgment entered by the District Judge on the 28th day of December, 1925, was void for that it was not within the power of the said judge to require plaintiff in error to so produce the alleged "records," etc., in advance of trial. Carpenter v. Winn, 221 U. S., 543.

The court being without power to enforce the "order," judgment or decree entered by the District Judge on December 28, 1925—since it can only be carried out, if at all, by the voluntary acts of persons, firms or corporations who never were subject to the authority of the court, said "order," judgment or decree is void for want of jurisdiction of the judge or court to make it. Withers v. Patterson, 27 Texas, 495; Templeton v. Ferguson, 89 Texas, 47.

It appearing that the decree entered December 28, 1925, is void and that its enforcement will constitute a mere "fishing excursion" on the part of defendants in error in that its purposes and effects are to enable defendants in error to ascertain whether they have a cause of action, to ascertain the evidence on which plaintiff in error bases its defense and the names of its witnesses, to prove matters within the knowledge of defendants in error, or of which they have equal means of knowledge, to extort trade and business secrets from plaintiff in error, to require plaintiff in error to produce incompetent, immaterial and hearsay testimony, which defendants in error

could not use at the trial and have no intention of using at the trial, to harass, annoy and vex plaintiff in error, to require plaintiff in error to divulge confidential and privileged communications, and that the enforcement of said decree will result in serious injury to plaintiff in error for which it has no adequate remedy at law, it follows that a cause of equitable cognizance is presented requiring relief as prayed by plaintiff in error.   Section 9, Article 1, Section 19, Article 1, Section 1, Article 2, Section 15, Article 1, and Article 5, Constitution of Texas; Ewing v. Duncan, 81 Texas, 230; In Re Schoepf, 74 Ohio St., 1, 77 N. E., 276; In Re Davis, 38 Kansas, 408, 16 Pac., 790; Naefie v. Miller, 20 So., 252; Carpenter v. Winn, 221 U. S., 553; Boyd v. United States, 116 U. S., 616, 641; Rider v. Bateman, 93 Fed., 31; Kinney v. Rice, 238 Fed., 444; 14 Cyc., 338, 342; 4 Wigmore on Evidence, Sec. 2212.

*Beall, Worsham, Rollins, Burford & Ryburn,* for respondents, cited:   Rush v. Browning, 103 Texas, 649; Veiller v. Oppenheim, 75 Hun., 25; Dixie Drinking Cup Co. v. Paper Utilities Co., 5 Fed. (2d Series), 322; Miller & Pardee v. Lawrence A. Sweet Mfg. Co., 3 Fed. (2d Series), 198; Perkins Oil Well Cementing Co. v. Owen, 239 Fed., 759; Taylor v. Ford Motor Co., 2 Fed. (2d Series), 473; Pressed Steel Car Co. v. U. P. Ry. Co., 241 Fed., 967; San Antonio v. Routledge, 102 S. W., 756; City of Dallas v. Mitchell, 245 S. W., 946; Ex Parte Young, 103 Texas, 470, 129 S. W., 597.

PER CURIAM:—The petition for writ of error is refused.   It is a well established rule that an injunction will not be granted to stay proceedings in the same court of equity either upon the application of parties to the proceedings sought to be enjoined or of others.   High on Injunctions (4th Ed.), Vol. 1, Sec. 52.   The refusal of the trial judge to grant the injunction was therefore in accordance with the established principles of equity.